IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Zita L. Weinshienk

Civil Action No.  04-cv-02616-ZLW-CBS

KERRY R. HICKS,

      Plaintiff,

v.

THE CADLE COMPANY,
BUCKEYE RETIREMENT CO., LLC, LTD.,
WILLIAM E. SHAULIS, and
DANIEL C. CADLE,

      Defendants.
_____

ORDER
_____

The matter before the Court is Plaintiff's Motion For Sanctions Re: "Defendants' Motion For Extension Of Time To File Notice Of Appeal Pursuant To Fed. R. App.  P.. (sic) 4(A)(5)," filed July 19, 2005.  Pursuant to Fed. R. Civ. P. 11(c)(1)(A), a motion for Rule 11 sanctions "shall not be filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected."  Rule 11 is to be interpreted according to its plain meaning.[1]  Plaintiff has not cited, and the Court has not located, any Tenth Circuit authority holding that the mailing of a letter rather than the service of a motion can constitute compliance with Fed. R. Civ. P. 11(c)(1)(A).  Although the U.S. Court of Appeals for the Seventh

---

[1] See Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 391 (1990).

Circuit has held that substantial compliance with Fed. R. Civ. P. 11(c)(1)(A) is sufficient,[2] no other federal appeals court has cited to that holding in a published opinion. Rule 11 sanctions are unavailable to Plaintiff on this motion.

However, Plaintiff also moves for sanctions pursuant to 28 U.S.C. § 1927, which has no "safe harbor" provision. Section 1927 provides that any attorney who "multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorney's fees reasonably incurred because of such conduct."[3] The Court finds that the § 1927 standard has been met here. Even a cursory review of 9 U.S.C. § 16(b) reveals that the Court's March 23, 2005, Order was a non-appealable interlocutory order. Plaintiff's counsel expressly cited 9 U.S.C. § 16 to Defendants' counsel in his letter of May 3, 2005, but Defendants nonetheless proceeded to file their motion, never addressing 9 U.S.C. § 16 or its prohibition against appeals of orders directing or staying arbitration. Plaintiff again raised 9 U.S.C. § 16 in his response brief, but in their reply Defendants once again simply ignored the issue. As the Court's July 7, 2005, Order pointed out, the issue of personal jurisdiction likewise was non-appealable under 28 U.S.C. § 1291. The Court is unpersuaded by Defendants' argument that their motion really was actually a motion for reconsideration. It was not so identified or argued. Defendants' motion unreasonably and vexatiously multiplied the proceedings, and reasonable attorneys' fees shall be

---

[2] See Nisenbaum v. Milwaukee County, 333 F.3d 804, 808 (7th Cir. 2003).

[3] 28 U.S.C. § 1927.

awarded.  Because the issues which Plaintiff was required to address in his briefing were not unusually complex and lengthy briefing was not required, the Court finds that reasonable attorneys' fees in the amount of $1500 are properly awarded to Plaintiff. Accordingly, it is

ORDERED that Plaintiff's Motion For Sanctions Re: "Defendants' Motion For Extension Of Time To File Notice Of Appeal Pursuant To Fed. R. App.  P.. (sic) 4(A)(5)" is granted in part , and attorneys' fees in the amount of $1500 are awarded to Plaintiff. It is

FURTHER ORDERED that Plaintiffs' Motion To Strike Part II Of Defendants' Sur Response . . . is denied.

DATED at Denver, Colorado, this   6   day of September, 2005.

BY THE COURT

s/ Zita L. Weinshienk

_____
ZITA L. WEINSHIENK, Senior Judge
United States District Court