IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Zita L. Weinshienk

Civil Action No.  04-cv-02616-ZLW-CBS

KERRY R. HICKS,

      Plaintiff,
v.

THE CADLE COMPANY,
BUCKEYE RETIREMENT CO., LLC, LTD.,
WILLIAM E. SHAULIS, and
DANIEL C. CADLE,

      Defendants.
_____

ORDER
_____

      The matters before the Court are Plaintiff's Motion To Confirm Arbitration Award and the Motion To Vacate Arbitration Award filed by Defendants the Cadle Company and Buckeye Retirement Co., LLC, LTD (Buckeye).  The parties have briefed the issues extensively, and the Court finds that the motions can be determined on the briefs without a hearing.

      On April 28, 2005, the arbitrator entered his Final Arbitration Award, finding in Plaintiff's favor with regard to certain of the claims at issue in the parties' arbitration.  The remaining claims and counterclaim are set for a further arbitration hearing on December 5-7, 2005.  Plaintiff moves for an order confirming the April 28, 2005, award pursuant to 9 U.S.C. § 9, and the Cadle Company and Buckeye move to for an order vacating the award pursuant to 9 U.S.C. § 10.

A court's review of an arbitrator's decision is "strictly limited" and "highly deferential;" it has been described as "among the narrowest known to the law."[1] The court does not consider the merits of the underlying claims, even when the basis for the arbitrator's decision is ambiguous,[2] and an erroneous interpretation or application of law by the arbitrator is not reversible.[3] This is "[b]ecause a primary purpose behind arbitration agreements is to avoid the expense and delay of court proceedings."[4] As the Fourth Circuit Court of Appeals has explained, "[i]n arbitration cases, courts must break with their usual habit of scrupulously examining the underlying merits of the dispute. Ordinarily, the reviewing court's task is to enforce the bargained-for decision of the arbitrator and not to evaluate the arbitrator's factual findings or legal analysis."[5] An arbitrator's decision may be vacated only for a limited number of reasons created by the courts, including when the award is based on a "manifest disregard of the law,"[6] or, under 9 U.S.C. § 10(a),

> (1) where the award was procured by corruption, fraud, or undue means;

---

[1] Bowen v. Amoco Pipeline Co., 254 F.3d 925, 932 (10th Cir. 2001), quoting ARW Exploration Corp. v. Aguirre, 45 F.3d 1455, 1462 (10th Cir. 1995).

[2] See W.R. Grace and Co. v. Local Union 759, 461 U.S. 757, 764 (1983).

[3] ARW, 45 F.3d at 1463.

[4] Id., quoting Foster v. Turley, 808 F.2d 38, 42 (10th Cir. 1986).

[5] Richmond, Fredericksburg & Potomac R.R. Co. v. Transportation Communications Int'l Union, 973 F.2d 276, 281 (4th Cir. 1992).

[6] See Denver & Rio Grande W. R. R. Co. v. Union Pacific R.R. Co., 119 F.3d 847, 849 (10th Cir. 1997).

>     (2) where there was evident partiality or corruption in the arbitrators, or either of them;
>
>     (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
>
>     (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.[7]

The Cadle Company and Buckeye contend that the arbitrator exceeded his powers under § 10(a)(4) by entering an award against the Cadle Company which, they contend, was not a party to the Note, by failing to determine whether Plaintiff was liable on the Note at the time that Buckeye purchased the Note, and by basing his award on claims that had been bifurcated. A court can modify an arbitrator's decision under § 10(a)(4) "only if the arbitrator exceeds the powers delegated to him by the parties."[8] Here, the Note authorized the arbitrator to arbitrate "[a]ny controversy or claim between or among the parties hereto including but not limited to those arising out of or relating to this instrument . . ." The Cadle Company never asserted during the arbitration that it was not subject to the arbitrator's jurisdiction on Plaintiff's demand; it fully participated in the arbitration and indeed filed a counterclaim. "Failure to present an issue before

---

[7] 9 U.S.C. § 10(a).

[8] Eljer Mfg., Inc. v. Kowin. Development Corp., 14 F.3d 1250, 1255-56 (7th Cir. 1994); see also International Brotherhood of Elec. Workers Local Union No. 611, 980 F.2d 616, 618 (10th Cir. 1992).

an arbitrator waives the issue in an enforcement proceeding."[9]  Thus, the Cadle Company waived any argument that it was not properly before the arbitrator.  The Cadle Company and Buckeye's two remaining arguments do not indicate that the arbitrator exceeded the broad delegation of authority granted by the Note.

The Cadle Company and Buckeye also argue that the arbitrator's award was based on a manifest disregard of the law.  Such a finding can be made only where the award displays a "willful inattentiveness to the governing law."[10]  Error or misunderstanding of the law does not constitute "manifest disregard."[11]  Here, there is law to support the arbitrator's admission of parol evidence.  In particular, Tennessee law, which applied in the arbitration, indicates that the parol evidence rule applies only in breach of contract actions, and not in tort actions.[12]  Moreover, the "manifest disregard" standard is not met with respect to Defendants' arguments regarding T.C.A. § 29-2-101(b)(1), the abuse of process claim, or the arbitrator's award of damages.

Contrary to the Cadle Company and Buckeye's next argument, there is nothing before the Court to indicate that the arbitration award was procured by fraud, or, more

---

[9] National Wrecking Co. v. International Brotherhood. of Teamsters Local 731, 990 F.2d 957, 960 (7th Cir. 1993); see also Jones Dairy Farm v. Local No. P-1236, 760 F.2d 173, 175-76 (7th Cir. 1985); see also Jeppsen v. Piper, Jaffray & Hopwood, Inc., 879 F. Supp. 1130, 1136 (D. Utah 1995).

[10] ARW, 45 F.3d at 1463, quoting Jenkins v. Prudential-Bache Sec. Inc., 847 F.2d 631, 634 (10th Cir. 1998).

[11] See id.

[12] See e.g. Brungard v. Caprice Records, Inc., 608 S.W.2d 585, 588 (Tenn. App. 1980); Shaw v. Racetrac Petroleum Co., 338 F.3d 557, 567 (6th Cir. 2003) (applying Tennessee law).  Tennessee law applied in the arbitration pursuant to the terms of the Note.

specifically, that there was any fraud committed in connection with the arbitrator's admission of parol evidence.  Lastly, the arbitration award was a final award under 9 U.S.C. § 10(a)(4), even though other claims remain pending between the parties in arbitration.[13]  Accordingly, it is

ORDERED that Plaintiff's Motion To Confirm Arbitration Award (Doc. #22) is granted, and the April 28, 2005, Final Arbitration Award is confirmed.  The court defers entry of judgment until all of the claims in the present case are resolved.  It is

FURTHER ORDERED that the Motion To Vacate Arbitration Award filed by Defendants the Cadle Company and Buckeye Retirement Co., LLC, LTD (Doc. #28) is denied.  It is

FURTHER ORDERED that the hearing previously set for November 8, 2005, at 2:00 p.m. is vacated.  It is

FURTHER ORDERED that the parties shall file a joint status report on or before December 12, 2005, addressing the status of the second arbitration hearing.

DATED at Denver, Colorado, this __26__ day of October, 2005.

BY THE COURT

/s/ Zita L. Weinshienk

_____
ZITA L. WEINSHIENK, Senior Judge
United States District Court

---

[13] See Metallgesellschaft A.G. v. M/V Capitan Constante, 790 F.2d 280, 283 (2nd Cir. 1986) (arbitration award is final where it finally and conclusively disposes of a claim separate and independent from the issues which remain before the arbitrators).