IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Zita L. Weinshienk

Civil Action No.  04-cv-02616-ZLW-KLM

KERRY R. HICKS,

     Plaintiff,

v.

THE CADLE COMPANY,
BUCKEYE RETIREMENT CO., LLC, LTD.,
WILLIAM E. SHAULIS, and
DANIEL C. CADLE,

     Defendants.
_____

ORDER
_____

The matter before the Court is Defendant Daniel C. Cadle's Renewed Motion For Unconventional Filing Of Arbitration Record.  On August 22, 2007, the Court denied an essentially identical motion by Defendant Cadle.  Thus, the Court treats the present motion as a motion for reconsideration of the August 22, 2007, Order.  Once again, Defendant Cadle has not explained to the Court why the entire arbitration record must be filed when he has cited to only a small portion of that record in his briefs, and already has filed those portions which were cited.  The Court should not be required to sift through what apparently are close to a thousand pages of exhibits in order to attempt to glean how, why, and where uncited portions of the record support Mr.

Cadle's arguments.[1] The Court also notes that there is no provision in the Local Rules of this Court which allows the filing documents in CD format. Accordingly, it is

ORDERED that Defendant Daniel C. Cadle's Renewed Motion For Unconventional Filing Of Arbitration Record (Doc. No. 222), treated as a motion for reconsideration of the Court's August 22, 2007, Order, is denied.

DATED at Denver, Colorado, this __3__ day of October, 2007.

BY THE COURT:

_____
ZITA L. WEINSHIENK, Senior Judge
United States District Court

---

[1] See e.g. Lantec, Inc. v. Novell, Inc., 306 F.3d 1003, 1019 (10th Cir. 2002) ("Because Lantec and Lantec Brazil have not provided record citations, we need not sift through the record in an attempt to find evidence of the alleged oral contract.").