IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Zita L. Weinshienk

Civil Action No.  04-cv-02616-ZLW-KLM

KERRY R. HICKS,

    Plaintiff,
v.

THE CADLE COMPANY,
BUCKEYE RETIREMENT CO., LLC, LTD.,
WILLIAM E. SHAULIS, and
DANIEL C. CADLE,

    Defendants.
_____

ORDER
_____

The matter before the Court is Plaintiff's Motion For Leave To File Second Amended Complaint And To Refer Claims To Arbitration, which the Court treats as a motion to file a supplemental complaint pursuant to Fed. R. Civ. P. 15(d) and refer claims to arbitration.[1] In response to the Court's Order of September 19, 2007, the parties have informed the Court that they cannot resolve the issues presented by this motion.[2]

Trial courts have broad discretion under Rule 15(d) to permit a party to serve a supplemental pleading setting forth post-complaint transactions, occurrences or events, and motions to supplement "should be liberally granted unless good reason exists for

---

[1] See September 19, 2007, Order (Doc. No. 220).

[2] See Notification Re: September 19, 2007, Order (Doc. No. 225).

denying leave, such as prejudice to the defendants."[3]  Having read the moving and responding papers and considered carefully the parties' arguments, the Court concludes that no good reason exists to deny Plaintiff leave to supplement his pleading pursuant to Fed. R. Civ. P. 15(d).  Further, the additional claims properly are referred to arbitration for the reasons set forth in the Court's March 23, 2005, Order.  However, because all proceedings before Arbitrator Dubofsky have been concluded and Arbitrator Dubofsky has issued a final award, it does not appear that the Court can require that the arbitration of the supplemental claims be conducted by Arbitrator Dubofsky,[4] as opposed to another JAMS arbitrator,[5] even though it would seem to be most efficient to have Arbitrator Dubofsky preside over the arbitration of the supplemental claims due to his familiarity with the case.

   Accordingly, it is

   ORDERED that Plaintiff's Motion For Leave To File Second Amended Complaint And To Refer Claims To Arbitration (Doc. No. 187), treated as a motion to file a supplemental complaint pursuant to Fed. R. Civ. P. 15(d) and refer claims to arbitration, is granted.  Plaintiff may file his supplemental complaint on or before October 29, 2007.  It is

---

[3] Walker v. United Parcel Serv., Inc., 240 F.3d 1268, 1278 (10th Cir. 2001) (quoting Gillihan v. Shillinger, 872 F.2d 935, 941 (10th Cir. 1989)).

[4] See Mercury Oil Refining Co. v. Oil Workers Intern. Union, CIO, 187 F.2d 980, 983 (10th Cir. 1951) ("It is a general rule in common law arbitration that when arbitrators have executed their award and declared their decision they are functus officio and have no power or authority to proceed further.").

[5] The governing arbitration provision states that the arbitration shall be administered by JAMS. See Bank Of America's Motion To Stay Action Pending Completion Of Ongoing Arbitration, Ex. A at 4. (Doc. No 3).

FURTHER ORDERED that the caption on the supplemental complaint shall not differ from the caption on the Amended Complaint, but each claim in the supplemental complaint shall identify the Defendant or Defendants against whom the claim is brought. The Court notes that the reference to "June 2004" in paragraph 30 of Plaintiff's proposed pleading appears to be a typographical error, and if so should be corrected in the filed pleading. It is

FURTHER ORDERED that, upon its filing, the supplemental complaint shall be referred to arbitration to be conducted by JAMS. The Court does not require that Arbitrator Dubofsky be the presiding JAMS arbitrator.

DATED at Denver, Colorado, this ___17___ day of October, 2007.

BY THE COURT:

_____
ZITA L. WEINSHIENK, Senior Judge
United States District Court