IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Zita L. Weinshienk

Civil Action No. 04-cv-02616-ZLW-KLM

KERRY R. HICKS,

      Plaintiff,

v.

THE CADLE COMPANY,
BUCKEYE RETIREMENT CO., LLC, LTD.,
WILLIAM E. SHAULIS, and
DANIEL C. CADLE,

      Defendants.

---

## ORDER

---

      The matter before the Court is Plaintiff's Motion For Entry And Certification Of Judgment Pursuant To Fed. R. Civ. P. 54(b), Award Of Post-Award Pre-Judgment Interest, And Issuance Of Final Judgment In A Separate Document Pursuant To Fed. R. Civ. P. 58(d). The Court has reviewed carefully the moving and responding papers and the relevant legal authority.

      Plaintiff seeks entry of judgment pursuant to Fed. R. Civ. P. 54(b) upon (1) the Court's Order of October 26, 2005, which confirmed the Final Arbitration Award issued by the late Arbitrator James D. Hinga on April 25, 2005, and (2) the Court's Order of July 23, 2008, which confirmed the Final Arbitration Award issued by Retired Judge Frank N. Dubofsky on June 18, 2007, in all aspects other than Judge Dubofsky's award of prejudgment interest. Fed. R. Civ. P. 54(b) provides that:

> [w]hen more than one claim for relief is presented in an
> action, whether as a claim, counterclaim, cross-claim, or
> third-party claim, or when multiple parties are involved, the
> court may direct the entry of a final judgment as to one or

> more but fewer than all of the claims or parties only upon an
> express determination that there is no just reason for delay
> and upon an express direction for the entry of judgment.

In order to issue a judgment pursuant to Rule 54(b), the Court must find (1) that the judgment upon which certification is sought is final "in the sense that it is an ultimate disposition of an individual claim entered in the course of a multiple claims action," and (2) that there is no just reason to delay entry of judgment.[1]

Here, the Court's Orders of October 26, 2005, and July 23, 2008, are "an ultimate disposition of an individual claim entered in the course of a multiple claims action," because they dispose of all of the claims in this case filed prior to Plaintiff's Supplemental Complaint. Thus, they are final orders for purposes of Fed. R. Civ. P. 54(b).

In determining whether there is "no just reason to delay entry of judgment," the Court must weigh the "policy of preventing piecemeal appeals against the inequities that could result from delaying an appeal."[2] The Court should consider "whether the claims under review [are] separable from the others remaining to be adjudicated and whether the nature of the claims already determined [is] such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals."[3] Here, the claims adjudicated in the two Final Arbitration Awards and the Court's Orders of October 26, 2005, and July 23, 2008, are separable from the claims set forth in

---

[1]Curtiss-Wright Corp. v. General Elec. Co., 446 U.S. 1, 8 (1980) (quoting Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 436 (1956)).

[2]Stockman's Water Co., LLC v. Vaca Partners, L.P., 425 F.3d 1263, 1265 (10th Cir. 2005).

[3]Curtiss-Wright, 446 U.S. at 8.

Plaintiff's Supplemental Complaint which are set to be heard in arbitration commencing February 17, 2009, "such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals."[4]  The Supplemental Complaint, filed October 29, 2007, alleges tortious conduct by Defendants occurring *after* October 12, 2006, the final day of the most recent arbitration.  Thus, the alleged wrongful acts asserted in the Supplemental Complaint were not at issue in the arbitrations conducted by Arbitrator Hinga or Judge Dubofsky, were not addressed in either the arbitrators' Final Arbitration Awards or this Court's Orders confirming those awards, and will not be the subject of any appeals of the October 26, 2005, and July 23, 2008, Orders.

Moreover, the equities strongly favor Rule 54(b) certification here.  This case was filed almost four years ago.  The Court declined to enter judgment upon the first arbitration award in October of 2005 in large part because the second (and what appeared at that point to be the final) phase of the arbitration was nearing conclusion.  However, according to Plaintiff, Defendants engaged in new wrongful acts after the second phase of the arbitration but before the second arbitration award was confirmed, necessitating a Supplemental Complaint and yet another round of arbitration.  Absent Rule 54(b) certification, Defendants have the ability to repeatedly delay the entry of an enforceable judgment for damages against them by simply engaging in new allegedly tortious conduct after each arbitration award, thereby provoking new claims by Plaintiff

---

[4]Id. (quoting Curtiss-Wright, 446 U.S. at 8).

and more phases of arbitration, into perpetuity.[5]  Plaintiff has prevailed on hard-fought,

distinct claims over the course of almost four years of legal proceedings.  He is entitled

to enforce a judgment on those claims.

Plaintiff also requests an award of prejudgment interest from the date of the

arbitration awards to the date of entry of judgment by this Court.  However, as the Court

previously has ruled, Tennessee law, which applies here, prohibits an award of

prejudgment interest in personal injury actions.[6]  Plaintiff notes that in <u>Brough v. Adcroft</u>[7]

the Tennessee Court of Appeals approved an award of prejudgment interest on an

arbitration award in a personal injury case.  However, the same court later noted in

<u>Lawson v. Rines</u>[8] that the <u>Brough</u> court was not "asked to consider whether an award of

prejudgment interest even is allowed in personal injury cases,"[9] and reiterated that

prejudgment interest is not allowed in personal injury actions under Tennessee law.[10]

Plaintiff argues that <u>Lawson</u> does not apply here because, unlike <u>Brough</u>, <u>Lawson</u> did

not involve prejudgment interest on an arbitration award.  However, the Court finds

nothing in either <u>Brough</u> or <u>Lawson</u> articulating an exception to Tennessee's

prejudgment interest rule in the case of arbitration awards.  Rather, as <u>Lawson</u>

---

[5]The Court is in no way intending to opine upon the merits of the claims currently pending in arbitration, which are not, and to date have not been, before this Court.

[6]<u>See</u> July 23, 2008, Order (Doc. No. 256) at 22-23.

[7]2002 WL 256739 (Tenn. Ct. App. January 17, 2002).

[8]2003 WL 22908114 (Tenn. Ct. App. Aug. 22, 2003).

[9]<u>Id.</u> at *2.

[10]<u>See</u> <u>id.</u>

indicates, <u>Brough</u> simply did not address the rule.  Prejudgment interest is not appropriate in the present case under the applicable authority.

Accordingly, it is

ORDERED that Plaintiff's Motion For Entry And Certification Of Judgment Pursuant To Fed. R. Civ. P. 54(b), Award Of Post-Award Pre-Judgment Interest, And Issuance Of Final Judgment In A Separate Document Pursuant To Fed. R. Civ. P. 58(d) is granted in part and denied in part.  It is

FURTHER ORDERED that Plaintiff's motion is denied to the extent that it requests an award of post-arbitration award, prejudgment interest.  It is

FURTHER ORDERED that Plaintiff's motion otherwise is granted.  It is

FURTHER ORDERED that the Court's Orders of October 26, 2005 (Doc. No. 85) and July 23, 2008 (Doc. No. 256) hereby are certified as final judgments pursuant to Fed. R. Civ. P. 54(b), there being no just reason for delay.  It is

FURTHER ORDERED that a separate Judgment shall be entered as follows:

(1)     in favor of Plaintiff Kerry R. Hicks and against Defendants The Cadle Company and Buckeye Retirement Co., LLC. Ltd., jointly and severally, in the amount of $415,587.36, in accordance with Arbitrator Hinga's Final Arbitration Award confirmed by this Court on October 26, 2005;

(2)     in favor of Plaintiff Kerry R. Hicks and against Defendants The Cadle Company, Buckeye Retirement Co., LLC., Ltd. and Daniel C. Cadle, jointly and severally, for compensatory damages in the amount of $750,000.00,

in accordance with Judge Dubofsky's Final Arbitration Award confirmed by this Court on July 23, 2008;

(3)     in favor of Plaintiff Kerry R. Hicks and against Defendants The Cadle Company, Buckeye Retirement Co., LLC., Ltd. and William E. Shaulis, jointly and severally, for compensatory damages in the amount of $200,000.00, in accordance with Judge Dubofsky's Final Arbitration Award confirmed by this Court on July 23, 2008;

(4)     in favor of Plaintiff Kerry R. Hicks and against Defendants The Cadle Company, Buckeye Retirement Co., LLC., Ltd. and Daniel C. Cadle, jointly and severally, for punitive damages in the amount of $950,000.00,  in accordance with Judge Dubofsky's Final Arbitration Award confirmed by this Court on July 23, 2008; and

(5)     in favor of Plaintiff Kerry R. Hicks and against Defendants The Cadle Company, Buckeye Retirement Co., LLC., Ltd. and William E. Shaulis, jointly and severally, for punitive damages in the amount of $10,000.00, in accordance with Judge Dubofsky's Final Arbitration Award confirmed by this Court on July 23, 2008.

DATED at Denver, Colorado, this ___7th___ day of October, 2008.

BY THE COURT:

_____
ZITA L. WEINSHIENK, Senior Judge
United States District Court