IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 04-cv-02616-ZLW-KLM

KERRY R. HICKS,

    Plaintiff(s),

v.

THE CADLE COMPANY,
BUCKEYE RETIREMENT CO., LLC, LTD.,
WILLIAM E. SHAULIS, and
DANIEL C. CADLE,

    Defendant(s).
_____

**ORDER**
_____

**ORDER ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **Plaintiff's Motion to Permit Registration of Judgment Pursuant to 28 U.S.C. § 1963** [Docket No. 291; Filed October 31, 2008] (the "Motion"). The Court has reviewed the Motion, Defendant Daniel C. Cadle's Response [Docket No. 304; Filed November 24, 2008], Plaintiff's Reply [Docket No. 313; Filed December 5, 2008], the entire case file and applicable case law and is sufficiently advised in the premises.

**I.**     **Statement of the Case**

This case arises out of a promissory note that Plaintiff executed in favor of Defendant Bank of America, N.A. on December 31, 1999. *See Amended Complaint* [#14] at 1. The case has been subject to at least two different arbitration proceedings, with a

1

third proceeding currently ongoing. *See Plaintiff's Motion for Entry and Certification of Judgment Pursuant to Fed. R. Civ. P. 54(b)* [Docket No. 265] at 2.

On April 28, 2005, Arbitrator Hinga issued a Final Arbitration Award in the Phase I arbitration, finding that The Cadle Company and Buckeye Retirement Co., LLC, Ltd. (the "Corporate Defendants") were jointly and severally liable to Plaintiff in the amount of $415,587.36, plus interest, based upon the filing of a Tennessee lawsuit in direct contravention of a non-ambiguous arbitration clause. *Id.* As a result, on October 26, 2005, this Court entered an Order confirming the Final Award of Arbitrator Hinga [Docket No. 85]. Next, on April 6, 2007, Plaintiff moved for entry and certification of the October 26, 2005 Order as a final judgment pursuant to Fed. R. Civ. P. 54(b) [Docket No. 133]. At the time of Rule 54(b) Motion, the parties were awaiting the decision of Arbitrator Dubofsky from the Phase II arbitration, which concerned Plaintiff's claims for abuse of process, outrageous conduct, and defamation. *See Plaintiff's Motion for Entry and Certification of Judgment Pursuant to Fed. R. Civ. P. 54(b)* [#265] at 2. On May 14, 2007, Arbitrator Dubofksy issued his Order and Ruling on Affirmative Defenses, resolving the Phase II claims, and awarding Plaintiff $950,000.00 in compensatory damages, plus pre- and post-judgment interest, and $960,000.00 in punitive damages, plus post-judgment interest. *Id.* Therefore, on May 23, 2007, the Court denied Plaintiff's Rule 54(b) motion on the grounds that entry of final judgment on the Phase I award was "not appropriate at this time, particularly in light of the fact that the entire arbitration process appears recently to have been concluded." [Docket No. 149 at 1]. On June 18, 2007, Arbitrator Dubofsky entered his final award in Phase II,

2

which incorporated his Order and Ruling on Affirmative Defenses, dated May 14, 2007 [Docket No. 162 at Ex. 3].  On June 22, 2007, Plaintiff moved the Court to confirm the Phase II Final Award and for entry of judgment on both Final Awards [Docket No. 162].

On July 20, 2007, Plaintiff filed a Motion for Leave to File a Second Amended Complaint and Refer Claims to Arbitration, in an attempt to assert claims against Defendants for wrongful conduct allegedly engaged in after the October 12, 2006 hearing [Docket No. 187]. The Court granted Plaintiff's Motion to Amend on October 17, 2007, treating it as a Motion to Supplement pursuant to Fed. R. Civ. P. 15(d), and directing Plaintiff to file a Supplemental Complaint by October 19, 2007 [Docket Nos. 229 and 231]. The arbitration of the Supplemental Complaint is currently ongoing, with a hearing on the merits scheduled to begin on February 17, 2009.  *Plaintiff's Motion for Entry and Certification of Judgment Pursuant to Fed. R. Civ. P. 54(b)* [#265] at 3.

Next, on July 23, 2008, the Court confirmed Arbitrator Dubofsky's Final Award, vacating only the award of prejudgment interest [Docket No. 265].  Then, pursuant to Plaintiff's request, on October 7, 2008, Senior Judge Weinshienk certified her Orders of October 26, 2005, and July 23, 2008, as final judgments pursuant to Fed. R. Civ. P. 54(b) [Docket No. 283 at 2].  Therefore, on October 10, 2008, the Clerk of the Court entered judgment in favor of Plaintiff in the amount of $2,325,587.36, plus post-judgment interest (the "Judgment") [Docket No. 284].  Plaintiff now seeks to register the Judgment in the Northern District of Ohio pursuant to 28 U.S.C. § 1963, so that Plaintiff may proceed against Defendants' assets, which are allegedly located outside the District of Colorado.

3

*Motion* [#291] at 2.

**II.     Analysis**

28 U.S.C. § 1963 provides that a "judgment in an action for the recovery of money . . . entered in any . . . district court . . . may be registered by filing a certified copy of the judgment in any other district . . . when the judgment has become final by appeal or expiration of the time for appeal or when ordered by the court that entered the judgment for good cause shown."  While the Tenth Circuit has not set forth what constitutes "good cause" in this setting, other courts have stated that the "good cause requirement may be satisfied if the judgment debtor has substantial property in a foreign district and insufficient property in the rendering district to satisfy the judgment."  *Rep. Bank v. Amtec Precision Production, Inc.*, 2008 WL 410130, at *1 (D. Utah Feb. 12, 2008) (unpublished decision) (citing *Schreiber v. Kellog*, 839 F.Supp. 1157, 1162 (E.D. Pa. 1993); *Assoc.'d Bus. Tel. Sys. Corp. v. Greater Capital Corp.*, 128 F.R.D. 63, 66 (D. N. J. 1989)).

**A.     Good Cause**

Plaintiff argues that good cause exists for the Court to permit registration of the judgment, because there is a lack of the Defendant-debtors' assets in Colorado, the judgment forum.  *Motion* [#291] at 3.  Further, Plaintiff argues that the automatic stay of execution of judgment pursuant to Fed. R. Civ. P. 63(a) expired on October 29, 2008, and therefore, the judgement may properly be registered in other districts.  *Id.*   In attempting to show good cause for registration in another district, Plaintiff argues that during the October 4, 2005 deposition of Defendant Daniel C. Cadle, he stated that he was not a

4

resident of Colorado, that he did not do any personal business in Colorado, and that he did not personally own any property in Colorado. *Motion* [#291] at Ex. 51, p. 240. Plaintiff further submits documents from the Ohio Secretary of State which establish that Defendants are corporations organized under the laws of Ohio, and that their principal offices are maintained there. *Id.* at Ex. 53, Ex. 54. As such, Plaintiffs argue that "Defendants do not own sufficient assets in Colorado to satisfy the Judgment and, therefore, good cause exists for registration under 28 U.S.C. § 1963."

Defendants do not dispute that they have insufficient assets in Colorado to satisfy the Judgment. Instead, they argue that because they have agreed to post a supersedeas bond, Plaintiff's Motion should be denied. *Response* [#304] at 1. However, the Court notes that on November 24, 2008, Defendant Cadle filed a Motion to Stay Execution of Final Judgment Pending Appeal and to Set Amount and Terms of Supersedeas Bond [Docket No. 305]. On December 10, 2008, Senior Judge Weinshienk denied Defendant's Cadle's Motion without prejudice to Defendants filing a motion for approval of a standard supersedeas bond pursuant to Fed. R. Civ. P. 62(a) and Fed. R. App. P. 8(1)(B) [Docket No. 315]. In that Order, the Court set the specific amount of the bond to be posted at $2, 363,077.77. *Id.* However, to date, no supersedeas bond in the amount of $2, 363,077.77 has been posted by Defendants.

In light of the above, the Court finds that Plaintiff has adequately demonstrated that registration in other districts is permissible pursuant to 28 U.S.C. § 1963. First, Senior Judge Weinsheink has certified her Orders of October 26, 2005 and July 23, 2008, as final

5

judgments pursuant to Fed. R. Civ. P. 54(b) [Docket No. 283], as required prior to registration pursuant to 28 U.S.C. § 1963. Second, Plaintiff has sufficiently demonstrated that good cause exists to allow registration of the Judgment in other districts. That is, Plaintiff's assertions regarding the location of Defendants' assets are based on Defendants' own statements, not mere speculation by Plaintiff. *See Motion* [#291] at Ex. 51, p. 240. Further, Plaintiff is not required to conclusively prove that Defendants have assets in another jurisdiction, and indeed, Defendants do not seem to contest that their assets are located in jurisdictions other than the District of Colorado. *See Schreiber*, 839 F.Supp. at 1162 (finding that good cause was met by the defendant's failure to contest the plaintiff's assertion of insufficient assets in the rendering jurisdiction or that the defendant had substantial assets in a foreign jurisdiction).

### III. Conclusion

As set forth above, the Court finds that Plaintiff has demonstrated good cause for registration of judgment in a foreign district pursuant to 28 U.S.C. § 1963. Accordingly, IT IS HEREBY **ORDERED** that **Plaintiff's Motion to Permit Registration of Judgment Pursuant to 28 U.S.C. § 1963** [Docket No. 291; Filed October 31, 2008] is **GRANTED**.

BY THE COURT:

__s/ Kristen L. Mix_____

United States Magistrate Judge

Dated: January 27, 2009