IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Zita L. Weinshienk

Civil Action No. 04-cv-02616-ZLW-KLM

KERRY R. HICKS,

    Plaintiff,

v.

THE CADLE COMPANY,
BUCKEYE RETIREMENT CO., LLC, LTD.,
WILLIAM E. SHAULIS, and
DANIEL C. CADLE,

    Defendants.
_____

## ORDER
_____

The matters before the Court are (1) Defendants' Motion To Stay Execution On Amended Judgment Pending Appeal To United States Supreme Court (Doc. No. 385) (Motion To Stay) and (2) Plaintiff's Motion To Release Supersedeas Bond (Doc. No. 383). The Court has reviewed carefully the moving and responding papers and the applicable legal authority.

Defendants' Motion To Stay requests a stay of execution of the February 18, 2010, Amended Judgment pending Defendants' appeal of the Tenth Circuit Court of Appeals' December 7, 2009, Order and Judgment to the United States Supreme Court.

Stays of execution pending Supreme Court review are governed by 28 U.S.C. § 2101(f).[1] Section 2101(f) has been interpreted as requiring that stays of execution pending Supreme Court review of appellate judgments may be issued only by the court of appeals or a justice of the United States Supreme Court.[2] Even if this Court did have jurisdiction to consider Defendants' motion, Defendants have failed to make the necessary showing that there is a reasonable probability that certiorari will be granted by the Supreme Court, that there is a significant possibility that the Supreme Court will reverse the Tenth Circuit's decision, and that there is a likelihood of irreparable harm absent a stay.[3]

Plaintiff's Motion To Release Supersedeas Bond requests the release of the supersedeas bond which Defendants posted pursuant to Fed. R. Civ. P. 62(d) in order to secure a stay of this Court's October 10, 2008, Judgment pending Defendants' appeal of that Judgment to the Tenth Circuit Court of Appeals. The supersedeas bond

---

[1] See U.S. v. Wittig, 2008 WL 5119986, *2 (D. Kan. Nov. 25, 2008).

[2] See In re Stumes, 681 F.2d 524, 525 (8th Cir. 1982); Brinkman v. Department of Corrections, 857 F. Supp. 775, 777 (D. Kan. 1994) (collecting cases).

[3] See Barnes v. E-Systems, Inc. Group Hosp. Medical & Surgical Ins. Plan, 501 U.S. 1301, 1302 (1991). District courts' lack of jurisdiction to grant a stay pending Supreme Court review makes sense in light of the standard for granting such a stay, since it would be inappropriate for a district court to "pass on the likelihood that the ruling of a higher court will be accepted for review by the Supreme Court." Mister v. Illinois Central Gulf Railroad Co., 680 F. Supp. 297, 299 (S.D. Ill. 1988) (quoting Studiengesellschaft Kohle, mbH v. Novamont Corp., 578 F. Supp. 78, 80 (S.D.N.Y. 1983)). Although Defendants contend in their briefing that they will be irreparably harmed if a stay is not issued because the likelihood that they will be able to recover judgment funds collected by Plaintiff if their Supreme Court appeal is successful is "remote at best," this contention lacks sufficient evidentiary support and, regardless, Defendants have not satisfied the remaining two required factors.

securing the stay was limited to Defendants' appeal to the Tenth Circuit.[4] That appeal now has been concluded in Plaintiff's favor, the mandate has issued, and no stay of execution is in place. The supersedeas bond thus is properly released even though Defendants state that they intend to petition the U.S. Supreme Court for certiorari.[5]

Accordingly, it is

ORDERED that Defendants' Motion To Stay Execution On Amended Judgment Pending Appeal To United States Supreme Court (Doc. No. 385) is denied. It is

FURTHER ORDERED that Plaintiff's Motion To Release Supersedeas Bond (Doc. No. 383) is granted. It is

FURTHER ORDERED that the Clerk of Court shall release the supersedeas bond funds, comprised of principal plus interest less the registry fee assessment, in a check made payable to Kerry R. Hicks and addressed to:

>Kris J. Kostolansky, Esq.
>Rothgerber, Johnson & Lyons LLP
>One Tabor Center, Suite 3000
>1200 17th St.
>Denver, CO 80202-5855

---

[4] See Revlon, Inc. v. Carson Products Co., 647 F. Supp. 905, 906 (S.D.N.Y. 1986); Water Technologies v. Calco, Ltd., 694 F. Supp. 1328, 1331 (N.D. Ill. 1988).

[5] See Revlon, 647 F. Supp. at 906.

The check will be sent via Certified Mail unless Plaintiff's counsel promptly contacts the Court's Financial Department to make other delivery or pick-up arrangements.

DATED at Denver, Colorado this 31st day of March, 2010.

BY THE COURT:

_____
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court