IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 04-cv-02616-ZLW-KLM

KERRY R. HICKS,

    Plaintiff,

v.

THE CADLE COMPANY,
BUCKEYE RETIREMENT CO., LLC, LTD.,
WILLIAM E. SHAULIS,
and DANIEL C. CADLE,

    Defendants.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____
**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Plaintiff's **Amended Motion for Sanctions and Attorneys' Fees** [Docket No. 360; Filed September 11, 2009] (the "Motion"). Pursuant to 28 U.S.C. § 636(b)(1) and D.C.COLO.LCivR 72.1(C)(3), the Motion has been referred to this Court for a recommendation. I have reviewed the Motion, Defendant Daniel C. Cadle's response [Docket No. 364; Filed September 28, 2009], the response of Defendants Cadle Company, Buckeye Retirement Co., LLC, LTD., and William Shalis [Docket No. 365; Filed September 28, 2009], Plaintiff's reply in support of the Motion [Docket No. 370; Filed October 16, 2009], the entire case file, and the applicable law and am sufficiently advised in the premises. For the reasons set forth below, the Court respectfully **RECOMMENDS** that the Motion be **DENIED**.

1

## I. Background

This Motion arises from a Final Judgment (the "Judgment") entered on behalf of the Plaintiff on October 14, 2008 in the amount of $2,325,587.36, plus post-judgment interest. *Order* [# 283, # 284]. On October 29, 2008 the automatic stay of execution of judgment pursuant to Fed.R.Civ.P. 62(a) expired. *Motion* [# 360] at 2. On November 7, 2008, Defendants filed a Notice of Appeal of the Court's Order entering the Judgment. *Notice of Appeal* [# 294], *Amended Notice of Appeal* [# 295]. On November 24, 2008, Defendants collectively filed a motion to Stay Execution on Final Judgment Pending Appeal and to Set Amount and Terms of Supersedeas Bond. *Motion* [# 305]. On December 10, 2008, the Court denied Defendants' motion without prejudice pending Defendants' filing of a motion for approval of a standard supersedeas bond. *Order* [# 315]. The Court ordered that the appropriate amount of a standard supersedeas bond submitted by the Defendants would be $2,363,077.77, which was the Judgment amount of $2,325,587.36 plus post-judgment interest of $37,490.41 (one year of interest on the judgment at a rate of 1.59% from October 10, 2008 to October 10, 2009). *Id.*

Plaintiff attempted to collect on the Judgment, but Defendants lacked sufficient assets in Colorado. *Motion* [# 291] at 2-3. However, Defendants did have assets in Ohio. *Id.* Consequently, on January 27, 2009, pursuant to 28 U.S.C. § 1963, this Court granted Plaintiff permission to register the Judgment in the United States District Court for the Northern District of Ohio. *Order* [# 319]. Plaintiff registered the Judgment on February 5, 2009. *Suppl.* [# 358 Ex. 62]. On February 11, 2009, Plaintiff filed a Precipae for a Writ of Execution against Defendants in the Northern District of Ohio. *Motion* [# 360] at 4. On February 27, 2009, Defendants deposited the full amount of funds necessary to secure the

supersedeas bond via a wire-transfer. *Id.* at 5; *Order* [# 341]. Upon deposit of the supersedeas bond, Plaintiff ceased all collection efforts and notified the Court that Defendants had posted adequate security for the Judgment. *Motion* [# 360] at 5.[1]

After resolution of the bond issue, on May 20, 2009, Plaintiff accused Defendants of dilatory tactics in the posting of the supersedeas bond and moved the Northern District of Ohio court for sanctions, attorneys' fees, and costs. *Motion* [# 360] at 5. On July 9, 2009, the Ohio federal court granted Plaintiff's request for *costs* on the grounds that Defendants had not objected to the request. *Suppl.* [# 365 Ex. 66]. However, for reasons of comity, the Northern District of Ohio found that the District of Colorado was better situated to consider sanctions and attorneys' fees with regard to conduct that occurred before this Court. *Id.* at 4-5. On September 11, 2009, Plaintiff filed the present Motion. *Motion* [# 360].

## II. Analysis

Pursuant to 28 U.S.C. § 1927 and the inherent authority of the Court, Plaintiff seeks attorneys' fees as a sanction for expenses incurred by him between October 14, 2008 and February 27, 2009 as recompense for his efforts in seeking to collect on the Judgment. This represents the period of time between the entry of Judgment in favor of Plaintiff and when the supersedeas bond was posted by Defendants.

Title 28 U.S.C. § 1927 provides that:

---

[1] A "[supersedeas bond] is intended to preserve the status quo while protecting the nonappealing party's rights pending appeal." *Bowles Financial Group, Inc. v. Stifel, Nicolaus & Co., Inc.*, No. 93-6303, 1994 WL 459647, at *2 (10th Cir. 1994) (unpublished) (posting of supersedeas bond stays the opposing party's collection efforts). Following Defendants' posting of the supersedeas bond, Plaintiff's efforts to collect the judgment were stayed pursuant to Fed.R.Civ.P. 62(d).

3

> Any attorney or other person admitted to conduct cases in any court of the United States of any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

Pursuant to § 1927, a district court may assess an award of fees against an attorney appearing before the court if (1) the actions of the attorney multiply the proceedings and (2) the attorney's actions are vexatious and unreasonable. *Dreiling v. Peugot Motors of Am., Inc.*, 768 F.2d 1159, 1165 (10th Cir. 1985). Sanctions under § 1927 are appropriate when an attorney acts "recklessly or with indifference to the law." *Dominion Video Satellite, Inc. v. Echostar Satellite LLC*, 430 F.3d 1269, 1278 (10th Cir. 2005). Sanctions are also appropriate "when an attorney is cavalier or bent on misleading the court; intentionally acts without a plausible basis; [or] when the entire course of the proceedings was unwarranted." *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1342 (10th Cir. 1998).

The courts have imposed sanctions for a variety of misconduct. *See Dominion Video Satellite, Inc.*, 430 F.3d at 1278 (levying sanctions against attorneys for filing frivolous motions); *Dreiling*, 768 F.2d at 1165 (levying sanctions for bringing actions without grounds and continuing to assert liability claims long after it was established that there were no factual or legal basis for the claim); *Jennings v. Wentzville R-IV R-IV Sch. Dist.*, No. 4:02 CV 1350 FRB, 2005 WL 1463475, at *4 (E.D. Mo. June 17, 2005) (unpublished) (levying sanctions against an attorney for his bad faith misrepresentation to opposing counsel that a supersedeas bond had been posted when it had not). However, a finding of bad faith is not necessary to impose sanctions under § 1927. *Hamilton v. Boise Cascade Express*, 519 F.3d 1197, 1202 (10th Cir. 2008). Sanctions "are levied to compensate the victims of dilatory tactics, not as a means of punishment." *Id.*

Pursuant to the inherent authority of the Court, Plaintiff also seeks sanctions against the parties themselves. If a litigant fails to act in good faith, this Court is authorized to sanction that individual or entity pursuant to its inherent power. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991) (levying sanctions against parties who have conducted themselves in a manner evident of bad faith, vexatiously, wantonly, or for oppressive reasons); *see also Martinez v. Roscoe*, 100 F.3d 121, 123-24 (10th Cir. 1996) (levying sanctions against a party for bad faith disobedience of court orders); *Dehning v. Child Dev. Servs. of Fremont City*, 261 Fed.Appx. 75, 79 (10th Cir. 2008) (levying sanctions against a party for refusing to consummate a settlement agreement in a manner that was arbitrary, willful, and without cause).

Defendants' conduct falls short of the conduct sanctioned in the cases cited above. Defendants' conduct during the nineteen weeks between October 14, 2008 and February 27, 2009 did not rise to a level of unreasonable and vexatious conduct such as to warrant the imposition of sanctions. Approximately three months elapsed between when direction was given by the Court as to the amount and terms of the supersedeas bond and when the Court approved Defendants' posting of the bond. Defendants' attorneys did not misrepresent the filing status of the bond, file frivolous motions with the court, or act with reckless indifference to the law. Nor did the Defendants or their attorneys display conduct clearly evidencing bad faith, vexatious delay, or oppressive behavior. Therefore, neither the Defendants nor the Defendants' attorneys should be sanctioned pursuant to § 1927 or the inherent authority of this court.[2]

---

[2] While the Northern District of Ohio granted Plaintiff's request for *costs* in regards to Plaintiff's collection efforts, without proof of a serious and studied disregard for the orderly process of justice, the time line at issue in this case does not warrant an award of attorneys'

### III. Conclusion

Based on the foregoing,

IT IS HEREBY **RECOMMENDED** that Plaintiff's Amended Motion for Sanctions and Attorneys' Fees be **DENIED**.

IT IS FURTHER **ORDERED** that pursuant to Fed.R.Civ.P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the district judge, Fed.R.Civ.P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions, *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

DATED: June 22, 2010

BY THE COURT:
/s/ Kristen L. Mix
U.S. Magistrate Judge
Kristen L. Mix

---

fees as a sanction.