IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Zita Leeson Weinshienk

Civil Action No. 04-cv-02616-ZLW-KLM

KERRY R. HICKS,

    Plaintiff,

v.

THE CADLE COMPANY,
BUCKEYE RETIREMENT CO., LLC, LTD.,
WILLIAM E. SHAULIS, and
DANIEL C. CADLE,

    Defendants.

---

ORDER

---

The matter before the Court is Plaintiff's Amended Motion For Sanctions And Attorneys' Fees (Doc. No. 360). The motion was referred to Magistrate Judge Kristin L. Mix, who issued a Recommendation on June 22, 2010, that the motion be denied (Doc. No. 427). On July 6, 2010, Plaintiff timely filed Plaintiff's Objection To The Magistrate Judge's Recommendation Regarding Plaintiff's Amended Motion For Sanctions And Attorneys' Fees (Doc. No. 430), and Defendants filed Responses to the objection. The Court reviews the Magistrate Judge's Recommendation on the nondispostive motion under a clearly erroneous or contrary to law standard.[1] Under this standard, the Court

---

[1] 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). Even though the Magistrate Judge issued a Recommendation rather than an Order on Plaintiff's motion, because the nature of the matter at issue is nondispositive, the Court applies a clearly erroneous/contrary to law standard of review under Rule 72(a), as opposed to a *de novo* standard of review under Rule 72(b). See e.g. Aranda v. McCormac, 2009 WL 3839331, *1 (D. Colo. Nov. 13, 2009).

must affirm the Recommendation unless it "on the entire evidence is left with the definite and firm conviction that a mistake has been committed,"[2] or concludes that the Magistrate Judge has "misinterpreted or misapplied applicable law."[3]

Plaintiff seeks monetary sanctions against Defendants for attorney's fees incurred in connection with Plaintiff's efforts to collect on the Judgment in Ohio[4] during the period between the expiration of the automatic stay on October 29, 2008, and Defendants' submission of a supersedeas bond on February 27, 2009.

Plaintiff acknowledges that the Magistrate Judge set forth the proper legal standard for an award of sanctions under both 28 U.S.C. § 1927 and the Court's inherent authority to sanction. Plaintiff argues, however, that the Magistrate Judge's recommendation is "too conclusory and does not take into consideration the multiplication of the proceedings by the Defendants."[5] Having considered carefully the relevant timeline of events and the legal authority cited in the parties' briefs and the Recommendation, the Court agrees with the Magistrate Judge's conclusion that Defendants' conduct falls short of conduct sanctioned by courts in similar cases, such as Jennings v. Wentzville R-IV School Dist..[6] While Defendants did not immediately

---

[2] Ocelot Oil Corp. v. Sparrow Indus., 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948)).

[3] Meacham v. Church, 2010 WL 1576711 (D. Utah April 19, 2010).

[4] Collection was attempted in Ohio due to Defendants' lack of assets in Colorado.

[5] Objection (Doc. No. 430) at 6.

[6] 2005 WL 1463475 (E.D. Mo. June 17, 2005).

submit a supersedeas bond to the Court, and the resulting delay did have the effect of multiplying the proceedings by necessitating legal action in Ohio, under the circumstances here the Magistrate Judge's conclusion that Defendants' actions, or inactions, did not rise to the level of sanctionable conduct under the applicable legal authority was not clearly erroneous or contrary to law.

Accordingly, the Court approves and adopts the June 22, 2010, Recommendation Of United States Magistrate Judge (Doc. No. 427), and it is

ORDERED that Plaintiff's Objection To The Magistrate Judge's Recommendation Regarding Plaintiff's Amended Motion For Sanctions And Attorneys' Fees (Doc. No. 430) is overruled. It is

FURTHER ORDERED that Plaintiff's Amended Motion For Sanctions And Attorneys' Fees (Doc. No. 360) is denied.

DATED at Denver, Colorado this 21st day of July, 2010.

BY THE COURT:

_____
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court