IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 04-cv-02616-ZLW-KLM

KERRY R. HICKS,

    Plaintiff(s),

v.

THE CADLE COMPANY,
BUCKEYE RETIREMENT CO., LLC, LTD.,
WILLIAM E. SHAULIS, and
DANIEL C. CADLE,

    Defendants.
_____

## ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Motion for Leave to Permit Registration of Judgment Pursuant to 28 U.S.C. § 1963** [Docket No. 446; Filed November 20, 2010] (the "Motion"). On November 29, 2010, Defendant Daniel C. Cadle filed a Response [Docket No. 449] to the Motion. On December 3, 2010, Plaintiff filed a Reply [Docket No. 450]. The Court has reviewed the Motion, the Response, the Reply, the entire case file, and applicable case law and is sufficiently advised in the premises.

### I.  Summary of the Case

Because a more complete summary of this case has been included in prior orders of the Court, *see, e.g., Order* [Docket No. 319] at 1-3, the Court limits its discussion to the recent and immediately relevant facts. On November 5, 2010, Judgment [Docket No. 443] was entered in favor of Plaintiff and against Defendant Daniel C. Cadle in the total amount

of $3,150,000. Plaintiff was also awarded prejudgment interest at the rate of 10% per annum from February 18, 2010 until November 5, 2010. *Judgment* [#443] at 2. Plaintiff represents that the amount of interest that accrued during this time period is $225,246.58. *Motion* [#446] at 1. Pursuant to Fed. R. Civ. P. 62(a), an automatic stay of execution of the Judgment was in effect from November 5, 2010 to November 19, 2010. On November 15, 2010, Defendant Cadle filed a Motion for Reconsideration [Docket No. 445] seeking reconsideration of Senior District Judge Zita L. Weinshienk's Order [Docket No. 442] directing entry of the Judgment against him. On November 29, 2010, Judge Weinshienk denied the Motion for Reconsideration. *Order* [Docket No. 448]. Following denial of his Motion for Reconsideration, Defendant Cadle has neither posted a supersedeas bond nor filed a motion to stay execution of judgment.

Pursuant to 28 U.S.C. § 1963, Plaintiff now seeks an order from the Court directing the Clerk of the Court to issue a Certification of Judgment for Registration in Another District.

## II. Analysis

28 U.S.C. § 1963 provides that a "judgment in an action for the recovery of money . . . entered in any . . . district court . . . may be registered by filing a certified copy of the judgment in any other district . . . when the judgment has become final by appeal or expiration of the time for appeal or when ordered by the court that entered the judgment for good cause shown." While the Court of Appeals for the Tenth Circuit has not set forth what constitutes "good cause," other courts have explained that the "good cause requirement may be satisfied if the judgment debtor has substantial property in a foreign district and insufficient property in the rendering district to satisfy the judgment." *Rep. Bank*

*v. Amtec Precision Prod., Inc.*, 2008 WL 410130, at *1 (D. Utah Feb. 12, 2008) (unreported decision) (citing *Schreiber v. Kellog*, 839 F. Supp. 1157, 1162 (E.D. Pa. 1993); *Assoc.'d Bus. Tel. Sys. Corp. v. Greater Capital Corp.*, 128 F.R.D. 63, 66 (D. N. J. 1989)); *accord Cheminova A/S v. Griffin L.L.C.*, 182 F. Supp. 2d 68, 80 (D.D.C. 2002) ("'Good cause' can be established by 'an absence of assets in the judgment forum, coupled with the presence of substantial assets in the registration forum.'" (quoting *Dyll v. Adams*, 1998 WL 60541, at *1 (N.D. Tex. Feb. 6, 1998) (unreported decision))).

Plaintiff argues that good cause exists for the Court to permit registration of the Judgment in this case because Defendant Cadle "has no assets in Colorado." *Motion* [#446] at 2-3; *see also id.* at 3 ("There is little doubt the Defendant lacks sufficient assets in Colorado to satisfy the Judgment."). Plaintiff explains as follows:

> [Defendant Cadle] has little contact with Colorado outside of this litigation and his actions that triggered it. Defendant Cadle is a resident of Ohio. Defendant Cadle, whom [sic] was previously adjudged to be worth between $27 and $40 million has stated that he personally does not do business in Colorado and owns no property here: "I am not a resident of Colorado. I do not do personal business in Colorado. I don't think I personally own any property in Colorado."

*Id.* at 3 (internal citations omitted).

Defendant Cadle does not dispute that he has insufficient assets in Colorado to satisfy the Judgment [#443] against him. *See Schreiber*, 839 F. Supp. at 1162 (finding that good cause was established by defendant's failure to contest plaintiff's assertion that defendant had insufficient assets in the rendering jurisdiction and substantial assets in a foreign jurisdiction). Instead, he argues that Plaintiff's Motion should be denied pending resolution of any appeal of the Judgment that he may file. *Response* [#449] at 1. This argument is unavailing. As Defendant points out, 28 U.S.C. § 1963 empowers the Court

-3-

to "permit registration of judgments in foreign districts during the pendency of an unsecured appeal." *Reply* [#450] at 2; *see Order* [Docket No. 315] ("A supersedeas bond is normally required to stay execution of the judgment."). Following this logic, the Court is certainly empowered to permit registration of a judgment in foreign districts when the judgment has not yet been appealed and the defendant has neither expressed an unequivocal intent to appeal nor posted a supersedeas bond. To date, Defendant Cadle has not appealed the Judgment, posted a supersedeas bond, or filed a motion to stay execution of the Judgment. Defendant Cadle also has not unequivocally expressed an intent to appeal, post bond, or file a motion to stay. Defendant Cadle had the opportunity to state his intentions in his Response, but he merely stated that he would undertake the appellate process "if necessary." *Response* [#449] at 2. Moreover, prior orders in this case have made Defendant Cadle aware that the Court will permit registration of judgments against him unless he posts a supersedeas bond. *See Order* [#315] ("A supersedeas bond is normally required to stay execution of the judgment."); *Order* [#319] (granting Plaintiff's Motion to Permit Registration of Judgment [Docket No. 291] because Defendant Cadle had not posted a supersedeas bond).

### III.   Conclusion

For the foregoing reasons, the Court finds that Plaintiff has shown good cause pursuant to 28 U.S.C. § 1963 for registration of the Judgment [#443] in other districts. Accordingly,

IT IS HEREBY **ORDERED** that **Plaintiff's Motion for Leave to Permit Registration of Judgment Pursuant to 28 U.S.C. § 1963** [#446] is **GRANTED**.

IT IS FURTHER **ORDERED** that the Clerk of the Court shall enter a Certification of Judgment for Registration in Another District regarding the Judgment [#443] entered in this case on November 5, 2010.

DATED: December 21, 2010 at Denver, Colorado.

BY THE COURT:

s/ Kristen L. Mix
Kristen L. Mix
United States Magistrate Judge