IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No. 04-cv-02616-WYD-KLM

KERRY R. HICKS,

    Plaintiff

v.

DANIEL C. CADLE, and
THE CADLE COMPANY,

    Defendants.

_____

**ORDER DENYING MOTIONS**
_____

THIS MATTER comes before the Court on Plaintiff Kerry R. Hicks' Motion for Leave to File Second Supplemental Complaint and to compel Arbitration [DE-470] and Defendants' Motion to Abstain or Stay Pending Resolution of the Prior Filed Ohio Action [DE-480]. This case has a long and tortured history. Prior to the instant motions, the Court entered a judgment against Defendants in favor of Hicks in the amount of $3,150,000 [DE-443]. When Hicks had trouble collecting that judgment, he registered the judgment in the United States District Court for the Northern District of Ohio and initiated a collection action in the Trumball County Court of Common Pleas, an Ohio state court. In response to the collection lawsuit, Defendants herein filed counterclaims against Hicks for intentional infliction of emotional distress, tortious interference with business relationship and for violation of an Ohio RICO statute.

Hicks seeks to reopen this case to assert a claim for abuse of process against

Defendants. Hicks maintains that the counterclaims in the Ohio state court action constitute abuse of process. I must deny Hicks's motion for at least two reasons. First, Hicks recently filed a satisfaction of judgment acknowledging that Defendants satisfied the $3,150,000 entered on November 5, 2010. [DE-499]. This Court's jurisdiction ends with the satisfaction of a judgment. *See Goss Intern. Corp. v. Man Roland Druckmaschinen*, 491 F.3d 355, 365 (8th Cir. 2007); *Riggs v. Johnson County*, 6 Wall. 166, 73 U.S. 166, 187 (1867) ("[T]he jurisdiction of a court is not exhausted by the rendition of the judgment, but continues until that judgment shall be satisfied.")). Thus, I lack jurisdiction to reopen this closed case and allow Plaintiff to add a supplemental claim at this late date.

Moreover, I have considerable doubt that this is the proper venue for an abusive of process claim. Hicks's claim for abuse of process relates to the counterclaims initiated in the state court in Ohio. The abuse of process claim therefore concerns proceedings in Ohio, not Colorado. Courts have found that venue for an abusive of process claim is proper in the location where the lawsuits giving rise to abuse of process are located. *Basile v. Walt Disney Co.*, 717 F.Supp.2d 381, 386–87 (S.D.N.Y.2010); *Jones v. Trump*, 919 F.Supp. 583, 587 (D.Conn.1996); and *Engel v. CBS, Inc.*, 886 F.Supp. 728, 732 (C.D.Cal.1995). Accordingly, even if the Court still had jurisdiction, Colorado would be an improper venue for Hicks's abuse of process claim. That claim should be filed in Ohio. Accordingly, it is

    ORDERED THAT

    (1)    Plaintiff Kerry R. Hicks' Motion for Leave to File Second Supplemental Complaint and to compel Arbitration [DE-470] is DENIED.

(2) Defendants' Motion to Abstain or Stay Pending Resolution of the Prior Filed Ohio Action [DE-480] is DENIED AS MOOT.

Dated: September 25, 2012

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge